**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL R.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No. 24-9827 (RK)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER**, having come before the Court upon the Motion for Attorney's Fees Pursuant to the Social Security Act of Thomas D. Sutton ("Mr. Sutton"), ("Motion," ECF No. 15-1),[1] counsel for Plaintiff Michael R.[2] ("Plaintiff"), seeking attorney's fees in the amount of $30,297.50; and

**THE COURT NOTING** that, having reviewed Mr. Sutton's Motion,[3] Mr. Sutton asserts that he is entitled to $30,297.50 of the $121,190.00 in retroactive Social Security benefits awarded to his client for his client's disability beginning in 2015, equal to 25% of that award.[4] (Motion at 1–2; ECF No. 17-1 at 3.) Mr. Sutton asserts that Plaintiff received this award following the Court's March 19, 2025 Order remanding Plaintiff's request for benefits for further proceedings, (ECF

---

[1] Because the Motion does not contain internal pagination, the Court uses the page numbers in the CM/ECF header.

[2] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

[3] Although the Motion is filed under Plaintiff's name, "the real part[y] in interest [is his] attorney[], who seek[s] to obtain . . . fee awards under § 406(b)." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

[4] As explained hereinbelow, Mr. Sutton ultimately seeks to obtain $23,047.50 in attorney's fees, or 19.01% of Plaintiff's past-due benefits; he seeks 25% of Plaintiff's $121,190 back payment award ($30,297.50), then will refund to Plaintiff the amount he previously received ($7,250). (*See* Motion at 2 n.2.)

Nos. 9, 10), benefits the Commissioner of Social Security (the "Commissioner") subsequently awarded to Plaintiff following that remand, (Motion at 1). On May 16, 2025, the Court awarded Mr. Sutton $7,250 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), (ECF No. 14), for the 30.05 hours he spent working on Plaintiff's case, (ECF No. 11-2 (noting 23.4 compensable hours, i.e., 24.0 total service hours minus 0.6 non-compensable hours expended on EAJA fee motion); ECF No. 11-4 (noting 6.65 compensable hours, i.e., 7.4 total service hours minus 0.75 non-compensable hours expended on EAJA fee motion); Motion at 3 & n.3 (same)). *See* 28 U.S.C. § 2412(d)(1)(A). Consistent with his October 2024 "Assignment of Attorney's Fees" agreement with Plaintiff, (ECF No. 11-8), Mr. Sutton moved on July 9, 2026 for 25% of Plaintiff's back payment award, which he contends is a reasonable fee amount, (Motion at 1–6); and

**WHEREAS**, the Court may determine that an attorney in a representation before this Court and the Commissioner is entitled to a "reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled," 42 U.S.C. § 406(b)(1)(A); and

**WHEREAS**, the Commissioner "neither supports nor opposes" Mr. Sutton's Motion, (ECF No. 17 at 2), as he "has no direct financial stake in the answer to the § 406(b) question; instead [he] plays a part in the fee determination resembling that of a trustee for the claimant[]," *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002); (*see* ECF No. 17 at 2); and

**WHEREAS**, the Court must "review for reasonableness fees yielded by [contingency-fee] agreements" like Mr. Sutton and Plaintiff's, *Gisbrecht*, 535 U.S. at 809, including by considering "(1) the character of the representation; (2) the results achieved; (3) whether the attorney was responsible for any delay; and (4) whether the benefits are large in comparison to the amount of

time spent on the case," *Acosta v. Comm'r of Soc. Sec.*, No. 22-1454, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) (per curiam) (citing *Gisbrecht*, 535 U.S. at 808); and

**WHEREAS**, the Court "must also consider 'the primacy of lawful attorney-client fee agreements,'" *id.* (quoting *Gisbrecht*, 535 U.S. at 793); and

**WHEREAS,** counsel may be entitled to attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1)(A), but the attorney must refund the smaller fee awarded between the two amounts to the claimant, *Gisbrecht*, 535 U.S. at 796; and

**THE COURT FINDING** that Mr. Sutton's request for attorney's fees of $30,297.50 is reasonable. First, Mr. Sutton represented Plaintiff throughout the appeal process, including by reviewing the underlying record, preparing Plaintiff's brief, and working with opposing counsel. (*See* ECF Nos. 11-2, 11-4.) Second, Mr. Sutton was successful in his representation of Plaintiff, securing Social Security Disability Insurance benefits beginning June 2015, including an award of over $120,000 in past-due benefits for an almost eleven-year period from June 2015 to February 2026. (*See* ECF No. 17-1; Motion at 3.) Mr. Sutton "is a highly experienced practitioner in this area . . . and [he] produced excellent results for Plaintiff." *Anthony v. Comm'r of Soc. Sec.*, No. 11-796, 2014 WL 4352191, at *2 (D.N.J. Sept. 2, 2014); (*see* Motion at 4 n.6 (describing Mr. Sutton's "over forty years of experience" as a lawyer and his extensive experience in the field of disability law); ECF No. 11-2 ¶ 3 (declaration by Mr. Sutton, stating that he is a partner at a firm that specializes in disability benefits cases and that he "ha[s] represented thousands of claimants" for such benefits).) Third, because Mr. Sutton's Motion was filed within 14 days of when the "notice of award [was] issued by the Commissioner" and when Mr. Sutton was "notified of that award," his Motion for fees is timely under Federal Rule of Civil Procedure 54(d)(2). *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010); (*see* Motion at 1 n.1 (motion filed July 9, 2026, stating

notice of award was received by counsel on July 6, 2026); ECF No 17-1 (notice of Commissioner's award dated June 30, 2026).) Fourth, Mr. Sutton's requested fee, averaging to approximately $1,008.24 per hour worked,[5] is not excessive or unreasonable when compared to other approved fees throughout this Circuit. *See, e.g.*, *Heath Reynold L. v. Bisignano*, No. 24-1335, 2025 WL 2899996, at *3 (E.D. Pa. Oct. 9, 2025) (collecting cases permitting § 406(b) fees in excess of $1,000 per hour); (Motion at 3 n.4 (collecting cases)); *see also Orlando v. O'Malley*, No. 24-1431, 2024 WL 6964413 (E.D. Pa. Apr. 15, 2024). Finally, considering "the primacy of lawful attorney-client fee agreements," the Court will honor Mr. Sutton and Plaintiff's agreement here, which meets the 42 U.S.C. § 406(b)(1)(A) threshold of 25 percent. *Gisbrecht*, 535 U.S. at 793; (ECF No. 11-8.) However, because Mr. Sutton already received $7,250 under the EAJA, he must refund Plaintiff this lesser fee. *Gisbrecht*, 535 U.S. at 796; (ECF No. 14.)

Accordingly, **IT IS** on this 5th day of August, 2026,

**ORDERED** that Mr. Sutton's Motion (ECF No. 15) is **GRANTED**; and it is further

**ORDERED** that Mr. Sutton refund the EAJA award of $7,250 to Plaintiff upon receipt of $30,297.50; and it is further

**ORDERED** that the Clerk of the Court is directed to terminate the Motion pending at ECF No. 15.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

[5] Upon his receipt of the requested $30,297.50 and his return of the EAJA award to Plaintiff, Mr. Sutton's attorney's fees award will total $23,047.50. The corresponding imputed hourly rate is $766.97 ($23,047.5 divided by 30.05 hours), which is a more "accurate reflection of what [Mr. Sutton] will actually recover for fees in this social security case and is an even more reasonable rate." *Heath Reynold L. v. Bisignano*, No. 24-1335, 2025 WL 2899996, at *3 n.4 (E.D. Pa. Oct. 9, 2025).